GEORGE O. WALES vs. JAMES W. CLARK.

An attachment of property cannot be made by an officer before the process directing it is placed in his hands.

Attachments of real estate are made under the statute, (Gen. Statutes, p. 402, sec. 4,) by the officer lodging with the town clerk a certificate that he has attached the land. An officer was directed by a telegram to attach certain land, and filed a certificate of attachment before receiving the process, which was sent to him by mail. Held not to be a valid attachment.

The statute (Gen. Statutes, p. 414, sec. 7,) provides that where both parties to an action brought to the Superior Court are not inhabitants of the state, and the defendant is not found within the state, the action shall be brought in the county where the estate which is attached lies. Held that the above attachment was not sufficient to give the court jurisdiction.

ASSUMPSIT, brought to the Superior Court in New Haven

County.   The defendant filed the following plea to the juris-
diction.

The defendant, in his proper person, comes into court and
prays judgment of the plaintiff's writ, and says that the court
here ought not to take further cognizance of the action afore-
said, because he says that, at the time of the commencement
of said suit, and long before, neither the plaintiff nor defend-
ant were inhabitants of said New Haven county, or of the
state of Connecticut, but the plaintiff at the time of the com-
mencement of said suit, and long before, lived and still lives
in the state of Massachusetts, and the defendant at the time
of the commencement of said suit was a resident of the state
of New York; and that the defendant was not in the county
of New Haven, nor in the state of Connecticut, at the time
of the commencement of said suit, neither has any personal
service of said writ ever been made upon him, as appears by
the returns indorsed upon said writ.   And the defendant
further says that no valid attachment of any property or estate
of said defendant, being or situated in said New Haven
county, has ever been made upon said writ, but only the
filing of a certificate stating that James H. Weeden, a deputy
sheriff of said New Haven county had on the 29th day of
April, 1874, attached certain lands situated in the town of
Waterbury, in said New Haven county, then standing on the
land records of said town in the name of said defendant; and
the defendant avers that the attachment alleged to have been
made thereby was and is absolutely illegal, null and void, in
this, that said attachment so alleged to have been made on
the 29th day of April, 1874, by said deputy sheriff, was made
by said deputy sheriff by his leaving a certificate of said
alleged attachment, on said 29th day of April, with the town
clerk of said town of Waterbury, upon certain information
communicated to him by Arthur F. Eggleston, the plaintiff's
attorney, by a telegram dated at Hartford, April 29th, 1874;
and that at the time of said alleged attachment the said
deputy sheriff did not have, nor ever had had, the original
writ upon the authority of which said attachment was stated
to have been made; and that said deputy sheriff did not re-

ceive said original writ until about ten o'clock on the morning of the 30th day of April, 1874, when he made the returns thereon, as appears by the indorsements of said deputy sheriff upon said writ. All of which said defendant is ready to verify. Wherefore he prays judgment thereof, that the said writ may abate and be dismissed.

To this plea the plaintiff demurred, and the court reserved the question arising on the demurrer for the advice of this court.

*C. E. Gross*, in support of the demurrer.

*A. F. Eggleston*, contra. ·

CARPENTER, J. The question in this case is one of jurisdiction. Both parties are non-residents, and no personal service was made on the defendant. In such cases the *situs* of the property attached determines the jurisdiction.

The statute in force at the time of the attempted service of this writ, after providing where suits involving the title to land, &c., shall be tried, is as follows : " And all other actions which may be brought before the Superior Court, shall be brought and tried in that county where the plaintiff or defendant dwells, if they or either of them are inhabitants of this state ; but if neither of them is an inhabitant of this state, then the action shall be brought and tried in the county where the defendant is when the suit is commenced, or, if the defendant is not within this state, where the estate is which is attached." Gen. Statutes, 1866, p. 17, sec. 80. The officer states in his return that he attached real estate in New Haven County, also in Litchfield County. As the writ was returnable to the Superior Court in New Haven County, the attachment in Litchfield County may be laid out of the case.

It will appear from the language of the statute above quoted, and it is conceded, that a valid attachment is essential to give the court jurisdiction.

Was there an attachment ? Or, stating the question in another form, can an officer make a valid attachment of real

estate, before the precept, by virtue of which the attachment is made, is placed in his hands? The statute is as follows: " Real estate shall be attached by the officer's lodging with the town clerk of the town in which the land is situated, a certificate that he has made such attachment, * * * and said attachment, if completed as hereinafter provided, shall be considered as made when such certificate is so lodged." The remainder of the section prescribes the substance of this certificate, and provides that the officer shall, within four days thereafter, leave with such town clerk a full and certified copy of the process under which the attachment was made. Gen. Statutes, 1866, p. 4, sec. 17.

This statute was passed in 1855; and the lodging of a certificate is a substitute for the old mode of attachment, which was by an entry on the land. The officer who had a writ of attachment to serve went upon the land and that constituted the attachment. The attachment is now made by lodging with the town clerk a certificate, and it is expressly provided that the attachment takes effect when the certificate is so lodged. Under the old statute, an entry without a process was clearly ineffectual; under the present, the lodging of a certificate before the process is received is equally invalid.

The power and duty of an officer depend upon his possession of the process. The latter may be qualified, or the officer may be relieved of it altogether, by instructions; but it exists only while the power exists, and both come into existence when the process is placed in his hands. Until then he has no authority to act, and cannot be justified in interfering with the persons or property of others.

It will hardly be pretended that an officer will be justified in making an arrest in a civil suit before he receives a precept commanding him to do it; nor can he take personal property in anticipation of a writ of attachment. In such cases he must be prepared, if his right is challenged, to produce his authority. If he cannot do it he is a trespasser and may be resisted as such.

The land in New Haven County was not otherwise attached than by the officer's lodging with the town clerk the required

certificate on the day before he received the writ. It follows that there was no valid attachment, and the Superior Court must be advised that it has no jurisdiction of the case.

In this opinion the other judges concurred.