Bull vs. Christenson.

BULL vs. CHRISTENSON.

*November 13 — November 25, 1884.*

*(1) `Voluntary, assignment: Attachment: Execution. (2) Evidence: Bill of exceptions: Estoppel.*

1. Property was seized under three attachments, two of which were void. Subsequently the debtor made an assignment which was void as against his creditors. The property was delivered by the sheriff to the assignee under an agreement by which the latter sold it and returned the proceeds to the sheriff, who applied a portion thereof to the satisfaction of an execution issued in the action in which the attachment was valid, and subsequently applied the balance upon valid executions issued in the actions in which the attachments were void. *Held*, that the assignee could not recover any part of the proceeds so applied.

2. Certain executions were present at the trial, were referred to and examined by witnesses, and referred to and discussed by counsel, no intimation or objection that they were not in evidence being made until after the findings of the court were filed. *Held*, that although the reporter's minutes did not specifically state that they were introduced in evidence, such executions were properly attached to the bill of exceptions, and the parties were estopped to deny that they were in evidence.

APPEAL from the Circuit Court for *Racine* County.

November 19, 1883, one F. L. Fancher executed to the plaintiff a voluntary assignment of his property for the benefit of his creditors. Such assignment seems to have been executed in the manner prescribed by the statute in that behalf. Prior to that time, the defendant, the sheriff of Racine county, seized all of the property of Fancher, by virtue of three writs of attachment in his hands for service, and took all such property into his possession. The first of these writs was issued out of the circuit court of Racine county against Fancher at the suit of the Union National Bank of Racine. The other two were issued against him by justices of the peace; one at the suit of A. B. Meeker and others, and the other at the suit of Michael Hanley and

Bull vs. Christenson.

another. It was thereafter stipulated by all the parties interested that the property so attached should be turned over to the plaintiff to sell the same and to pay the proceeds to the sheriff, the money to stand in lieu of the property so held by the sheriff. This stipulation was executed, the plaintiff sold the goods, and on January 5, 1884, paid over to the sheriff $1,074.08, being the proceeds of the sale of the property. On the 4th and 5th of December, 1883, respectively, judgments were rendered in the attachment suits by the justices, Fancher appearing personally and defending both suits.

In the suit by the Union National Bank the affidavit for an attachment was traversed by Fancher, and resulted in a finding that the assignment to the plaintiff was fraudulent and void as against the creditors of Fancher. On January 23, 1884, the bank recovered a judgment for its claim against Fancher. The sheriff satisfied an execution on that judgment out of the money so received from the plaintiff, which left a balance in his hands of $185.

Executions were duly issued on the above-mentioned judgments rendered by the justices of the peace against Fancher and delivered to the defendant for collection. He thereupon applied thereon the balance of $185 in his hands, and paid the same over to the attorney of the execution creditors.

This action is to recover such balance. It was stipulated on the trial that the assignment of Fancher is fraudulent and void as against his creditors.

On the above facts, which were substantially found by the court, and abundantly established by testimony, the court gave judgment dismissing the complaint, with costs. This is an appeal by the plaintiff from such judgment.

*Edwin White Moore*, for the appellant.

For the respondent there was a brief by *J. V. Quarles*, and the cause was argued orally by *T. W. Spence*.

LYON, J.   The question is whether the plaintiff was, or the execution creditors were, entitled to the balance of $185 remaining in the hands of the defendant after satisfying the execution of the Union National Bank.   We have no doubt whatever that the creditors were entitled to the money.   The assignment had been adjudged fraudulent and void as to them, and they were entitled to levy their execution upon any unexempt property or money of Fancher, in whosesoever hands the same might be found.   The plaintiff demanded such balance of the sheriff before this action was brought.   Had the sheriff paid over the money to him on such demand, or had the plaintiff retained it in his hands after the sale of the property, the execution creditors could have reached it by garnishee proceedings.   The assignment, being fraudulent, was void as to those creditors who assailed and repudiated it.   As against the execution creditors the plaintiff could not retain the money.   The same being in the hands of the sheriff, it was undoubtedly competent for him, and it was his duty, to disregard the demand of the plaintiff therefor and apply the money on the executions in his hands.

The affidavits upon which the attachments were issued by the justices were fatally defective, but Fancher appeared to the actions, and the judgments and executions issued thereon are valid.   Thus the fact of the invalidity of the attachments becomes entirely immaterial.

When the bill of exceptions herein was settled, it was claimed on behalf of the plaintiff that the justices' executions were not put in evidence on the trial.   The judge said that, " finding no statement in the reporter's minutes stating specifically that they were introduced, but distinctly remembering that the same were present at the trial, referred to and examined by witnesses, referred to and discussed by counsel, without intimation or objection that they were not in evidence, and having at the trial and up to the present

. time supposed that they were in evidence, and made findings herein upon that supposition," he would and did order the executions and returns to be attached to the bill of exceptions, and allowed to be introduced with the same effect as if introduced on the trial.

We are satisfied from the bill of exceptions itself, notwithstanding the omission of the reporter to note the fact, that the executions were properly before the court. At any rate, their existence was abundantly proved by testimony to which no objection was taken. But, however that may be, we think the course adopted by the learned circuit judge was eminently just and proper. We agree with him that " the circumstances are such as to estop the plaintiff from now claiming that said executions and returns were not offered in evidence."

*By the Court.*— The judgment of the circuit court is affirmed.