Sauflby, J
The defendant in error, James Talbott, sued the Wyoming Fair Association, alleging that on the 28th day of June, 1886, the corporation issued to Eliza Talbott a certificate for 190 shares of its capital stock, fully, paid up and non-assessable, which certificate,' by its terms, was transferable on the books of the company, on the return of the certificate properly indorsed; that afterwards, in October, 1886, Eliza Talbott transferred, assigned, and delivered the certificate to him, and that he had ever since been the holder and owner thereof. He fur *245 ther alleges that he subsequently presented the certificate, with its assignment to him indorsed thereon, to the proper officer of the association, and demanded to have the transfer made to him on the books of the company, which was refused. The defense presented by the association is found in the second paragraph of its answer, which reads thus: “The defendant says that the plaintiff ought not to maintain his action herein, because, on the 25th day of July, 1887, one Valentine Baker obtained a judgment in this court for $458.40 against John Talbott, the husband of Eliza Talbott, who held said certificate of •stock in trust for and to the use of her said husband, and on the 19th day of December, 1887, execution was issued on said judgment, and on the 6th day of February, 1888, the sheriff of Laramie county, Wyoming territory, levied said execution upon said shares of stock, as the property of said John Talbott; and that prior to the said levy no demand had been made by the plaintiff, or any one else, upon defendant, to have said stock transferred to the plaintiff on the books of the defendant, and the defendant had no notice or knowledge that the plaintiff claimed any interest in said stock until after said levy was made.” To this plea the plaintiff below filed a demurrer which was sustained by the court, and the defendant, without asking leave or offering to amend, brings the cause to this court for revision.
Section 2772, Rev. St., provides that shares of stock in any incorporated company, owned or held by a defendant in execution, or by any person m trust for or to the use of a defendant in execution, may be levied on and sold under execution in the manner prescribed by section 2774. The latter section directs that the levy shall be made by leaving a true copy of the writ with the president or other named officers of the company, and, if there be no such officer or officers, then with the resident manager or agent, and with the copy of the writ the officer levying shall also leave a certificate setting forth that he levies and takes in execution such shares to satisfy the execution. The answer is defective, both in form and substance. It will be observed that it simply states that the sheriff of Laramie county levied the execution upon said shares of stock as the property of John Tal-bott. It is one of the familiar rules that “a pleading must show authority," and that, when a party undertakes to justify on account of a writ, warrant, precept, or any other authority whatever, he must set it forth particularly, and must show that he has substantially pursued the authority. It is not sufficient, even for an officer, who justifies under judicial process, to allege generally that he committed the act in question, by virtue of a writ or warrant directed to him, but he must set it forth particularly in his plea. Steph. PI. 330. In this case, why should the sheriff of Laramie county attempt to levy this execution? If directed to him, it was his duty to make the levy; if not, he was powerless to act. But the court is wholly unable to tell, from any disclosure made in the answer or from any part of the record, whether the writ was directed to the sheriff of Laramie or of any other county. The court cannot know judicially that the defendant in the execution resided in Laramie county, or that the Wyoming Fair Association ever had its place of business in Laramie county. Besides, the answer does not state how the levy was made. The statement upon this subject is, at best, but a conclusion of the pleader. To enable the court to determine whether a levy was made, the facts which constitute a levy should have been stated. That which the officer may have deemed to be a levy might not be so regarded by the court. To submit the determination of such question, either to the opinion of the sheriff or to the party pleading, is certainly not permissible. If the sheriff, in making his return to this writ, had simply stated that he levied it, without stating further how the levy was made, it cannot be questioned that the return would, on motion, be quashed. The defendant undertakes to defeat the plaintiff in his assertion of an equitable right to this certificate of stock, by pleading an authority exercised by an officei". That authority must be particularly set forth, that the court may judge whether it was exercised in the way prescribed by law.
The plea being in bar, by way of confession and avoidance, it is to be tested by the same rules of pleading which would have governed had the defendant been the actor, instead of the defendant, in the aci..un. A declaration claiming for a plaintiff a right which depends wholly and exclusively upon the ante *247 cedent conduct of a sheriff, under writ of fieri facias, must be so framed as to present to the court the acts of the officer, done and performed'under the writ, and not the conclusion of the plaintiff as to the legal effect of the acts done. By an analogous, if not the same, principle, the defendant justifying under the acts of an officer, whose authority he relies upon, must plead with equal particularity.
The answer is further defective in substance, in this: that it does not state that Eliza Talbott, the wife of John Talbott, held this stock in trust for him at the date either of the issuance or the levy of the execution. In fact, the allegation is not presented in such form as to enable this court to certainly say that she so held it, eyen at the date of the rendition of the judgment. To enable the sheriff to levy, on the 6th day of February, 1888, the relation of trustee and cestui que trust must have subsisted on that day between the husband and wife, and this fact should affirmatively appear in the answer.
The plaintiff below, by his petition, the allegations of which are not denied, has shown a clear equitable right to the certificate of stock. The association which issued this stock has undertaken to defeat his assertion of that right by interposing a technical defense. It cannot, therefore, be heard to complain, if in the administration of justice, according to technical rules, it may be found in this controversy to have the weaker right. The judgment of the district court is affirmed.