O. L. PACKARD MACHINERY COMPANY, Respondent, vs. LAEV, Garnishee, Appellant.

*September 23 — October 11, 1898.*

(1) *Pleading: Designation of party by two names.* (2, 3) *Garnishment: Proof of judgment in main action: Corporate stock.*

1. A defendant known indiscriminately by either of two names may properly be designated by both in the title of the action, if they are used in such a manner as to indicate clearly that but one person is sued.
2. On the trial of a garnishment action which was commenced before judgment in the main action, the judgment roll in the main action should be introduced in evidence.
3. Corporate stock cannot be reached by garnishing the person in possession of the certificates, but the mode of procedure prescribed by secs. 2738, 2989, 2990, R. S. 1878, should be followed.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

This is a garnishment proceeding. The plaintiff sued N. H. Anderson, *alias* Hans Anderson, on an open account, and at the time of the issuance of the summons garnished *Laev*. *Laev* answered, denying liability either to N. H. Anderson or to Hans Anderson, but alleged that he had in his possession fifty shares of stock in the Laev Lumber Company, a corporation, which belonged to Hans Anderson. This stock, by order of the court, was deposited with the clerk of the court pending the action. Trial of the garnishee action was had before the court, and at the opening thereof the garnishee moved to dismiss because no judgment against the defendant had been rendered in the original action and no service of summons had been made on the defendant in the original action. The record in the original action was not introduced in evidence. At the close of the trial the garnishee renewed his motion to dismiss because no judgment against Hans Anderson in the main action had been shown.

This motion was overruled, and the court made findings to the effect that judgment had been rendered and docketed in the main action for $654.75 against the defendant, October 8, 1895, which date was prior to the trial of the garnishee action; that, when the defendant in the main action contracted the debt sued upon therein, he was known under the names both of N. H. Anderson and of Hans Anderson, and contracted the debt under the name of N. H. Anderson, although his proper name in fact was Hans Anderson; and that the property disclosed by the garnishee to be in his possession belonged to the said Hans Anderson,— and concluded that the plaintiff was entitled to judgment that the certificates of stock aforesaid be sold by the sheriff and that the plaintiff be paid the amount of his judgment out of the proceeds thereof. Exceptions were taken to all these findings, and from judgment in accordance with the findings the garnishee appeals.

For the appellant there was a brief by *Timlin & Glicksman* and *C. W. Briggs*, and oral argument by *Mr. Briggs*.

*William W. Wight*, for the respondent.

Winslow, J. Three claims are made by the appellant which it is necessary to discuss, viz.: (1) That the title of the main action does not disclose who the real defendant is; (2) that the judgment in the main action should have been introduced in evidence; and (3) that corporate stock cannot be reached by garnishment of the person in possession of the certificates.

1. The main defendant was sued by the name of "N. H. Anderson *alias* Hans Anderson." The word "*alias*," as here used, is simply an abbreviated form of the words "*alias dictus*," meaning "otherwise called;" and where a person is known by two different names it seems a very proper way to designate him in legal proceedings, in order to avoid the danger of a misnomer or variance. Anderson, Law Dict. tit.

O. L. Packard Machinery Co. vs. Laev.

"Alias." It was shown by the proof in this case that Anderson, the main defendant, used the name of N. H. Anderson as his own in contracting the debt sued on, while he was generally known among his associates as Hans Anderson. Apparently he was known indiscriminately either as N. H. or Hans. He had contracted the debt as N. H., but he held property as Hans, and as a measure of safety the plaintiff used both names in suing, in such manner as to indicate clearly that it was but one person who was sued. This was certainly a proper course. *Kennedy v. People,* 39 N. Y. 245.

2. The garnishment proceedings were not in aid of execution, but were commenced at the time of the issuance of the summons in the main action. The statute (R. S. 1878, sec. 2766) provides that, when the garnishment is not in aid of an execution, there shall be no trial of the garnishment action until the plaintiff shall have obtained judgment in the principal action. This court has held that, where the garnishment is in aid of execution, the trial court will take judicial notice of the judgment in the original action rendered in the same court, because such a garnishment is substantially a continuance of the main action. Especially will this rule apply when the point is not raised in the trial court. *Mace v. Roberts,* 97 Wis. 199. The reason of this rule, however, does not apply to a garnishment not in aid of execution; at least it cannot be said to apply with anything like equal force. When a garnishment action is commenced before judgment in the original action, there are two actions proceeding at the same time to be tried separately, and the statute expressly provides that the garnishment action shall not even be tried until judgment is had in the original action. Certainly, the best and most orderly way to put the court in possession of this essential fact is by introduction of the record in the main action, and such, we think, has been the well-nigh universal practice. It might well be that the record, when introduced and inspected, would show absolute

want of jurisdiction to render any judgment, and the garnishee should certainly be entitled to raise such an objection in the trial court. Possibly, if it appeared affirmatively from the bill of exceptions that the record was present at the trial and used without objection, it would be considered as in evidence without formal offer. *Bull v. Christenson,* 61 Wis. 576. But such facts do not appear in the case before us; on the contrary, the objection was twice made that no judgment in the original action had been shown. We think the better rule is that, in a case of garnishment before judgment, the judgment roll in the main action should be introduced in evidence on the trial of the garnishment action, and we so hold.

3. The objection that corporate stock cannot be reached by garnishing the person in possession of the certificates seems also fatal to the plaintiff's case. Garnishment simply reaches property, moneys, credits, and effects of the defendant in the possession or control of the garnishee, and debts due or to become due. R. S. 1878, sec. 2768. Corporate stock is property, but the certificate of such stock is not the stock. It is much like a title deed or a bill of sale, which is not the property itself, but simply the evidence of title to property. Our statute provides a plain and certain way by which corporate stock may be attached or seized upon execution and sold. R. S. 1878, secs. 2738, 2989, 2990. The sheriff is required to leave a copy of the writ with the clerk, treasurer, or cashier of the corporation, and obtain from him a certificate of the number of shares of the corporate stock owned by the debtor, and may thereafter sell such shares, and give a certificate of title to the purchaser. This course was open to the plaintiff, and he should have pursued it. In no other way could he obtain satisfaction out of the stock. Rood, Garnishment, § 108; *Mooar v. Walker,* 46 Iowa, 164; *Younkin v. Collier,* 47 Fed. Rep. 571.

*By the Court.*— Judgment reversed, and action remanded with directions to dismiss the garnishment proceedings.