## CORAY, ADMR. v. PERRY IRRIGATION CO.

No. 3065.   Decided June 26, 1917.   (166 Pac. 672)

1. CORPORATIONS—ISSUE OF CERTIFICATES—WRONGFUL REFUSAL—PLEADING. A complaint alleging that plaintiff's intestate subscribed for stock in defendant corporation, fully paid therefor by delivering to it a quitclaim deed, and that defendant on demand refused to issue or deliver stock certificate to plaintiff's intestate, or to plaintiff as her administrator, states a cause of action, though it does not allege specifically that plaintiff's intestate was entitled to stock, or character and amount of consideration paid therefor, or that she was entitled to certificate demanded, where it alleges facts from which conclusion as to existence of these essential elements is irresistible. Page 72.)

2. CORPORATIONS—ISSUE OF CERTIFICATE—WRONGFUL REFUSAL—ACTION. An action for damages will lie for the wrongful withholding by a corporation of a stock certificate, in view of Comp. Laws 1907, section 530, recognizing the use of stock certificates as muniments of title, and the form of action is immaterial, if complaint shows plaintiff entitled to any remedy legal or equitable.[1] (Page 73.)

3. EXECUTORS AND ADMINISTRATORS—COLLECTION OF ASSETS—POWER TO SUE. Under Comp. Laws 1907, sections 3912, 3915, relating to collection of assets, an administrator may demand of corporation stock to which intestate was entitled, or bring action for damages for its failure to issue stock. (Page 75.)

Appeal from District Court, Second District; *Hon. A. W. Agee*, Judge.

---

[1] *Kuhn* v. *McAllister*, 1 Utah, 274, affirmed 96 U. S. 87, 24 L. Ed. 615.

Action by L. L. Coray as administrator of the estate of Mary J. Allred, deceased, against the Perry Irrigation Company.

Judgment for defendant. Plaintiff appeals.

REVERSED and REMANDED.

*Geo. Halverson* for appellant.

*John G. Willis* for respondent.

THURMAN, J.

Does the complaint state facts sufficient to constitute a cause of action? That is the only issue presented by this appeal. Paragraphs 1 and 2 of the complaint allege the capacity of the plaintiff as administrator of the estate of Mary J. Allred, deceased and also the corporate existence of the defendant. The complaint then proceeds:

"(3) That the said Mary J. Allred, at the time of the incorporation of said defendant, subscribed for 26 shares of its capital stock, and that at the time of said subscription she fully paid said defendant for said shares of stock by the execution and delivery to it of a certain quitclaim deed; that said defendant failed and neglected during the lifetime of the said Mary J. Allred to issue to her its certificate evidencing her ownership of said shares of its capital stock, and has ever since neglected and failed to issue the same to her, or to her legal representatives; that this plaintiff, since his appointment and qualification as administrator as aforesaid, demanded of said defendant to issue its certificate of stock for said shares to him as administrator as aforesaid, and to deliver the same to him, and that he made such demand on or about the 24th day of February, 1916, but notwithstanding the subscription aforesaid, and notwithstanding the demand of this plaintiff as aforesaid, said defendant refused to issue or deliver such certificate to the plaintiff, or any other person, and still refuses so to do; that said stock was at the time of said refusal, and still is, of the reasonable value of $125 per share, or an aggregate value of $3,250." (Prayer for judgment.)

The defendant interposed a general demurrer to the complaint, which was sustained. The plaintiff elected to stand upon his complaint, whereupon the court entered judgment dismissing the action. Plaintiff appeals to this court, and assigns these proceedings as error.

The complaint is brief and inartificial. It is not as comprehensive and complete as is required by the models of good pleading, but the question we have to consider is: Does it state facts sufficient to constitute a cause of action? The allegations as to the capacity of the plaintiff and the corporate existence of the defendant are unexceptionable. The complaint, in effect, states that plaintiff's intestate, at the time of the incorporation of the defendant, subscribed for 26 shares of its capital stock, and fully paid defendant therefor by delivering to it a certain quitclaim deed; that the defendant, during the lifetime of plaintiff's intestate, failed and neglected to deliver to her a certificate evidencing her ownership of said stock, and likewise neglected and failed to issue a certificate to her legal representatives; that plaintiff, after his appointment and qualification as administrator, as such demanded of defendant that it issue to him, as administrator, a certificate for said shares; and that the defendant refused to issue or deliver said certificate to the plaintiff, or any other person, and still refuses so to do. Plaintiff then alleges the value of the stock, and demands judgment for damages and costs. All of these allegations are admitted by the demurrer.

It is true the complaint fails to allege in specific terms that plaintiff's intestate was entitled to the shares of stock, or the character and amount of the consideration paid therefor, or that she was entitled to the certificate demanded. These are the points wherein the complaint is inartificial, but it does allege facts from which the conclusion is irresistible as to the existence of these essential elements. She was entitled to a certificate because she had subscribed for the same and paid therefor in full. It matters not what was represented by the quitclaim deed, if it was in fact full payment for the stock as alleged in the complaint.

It is a matter of common knowledge—in fact, it is a fundamental feature of the law of corporations—that certificates of stock are issued for shares that are fully paid for, and that these certificates are evidence of ownership of capital stock in the corporation. They may be transferred by indorsement from one person to another, and pass current in the community for what they purport to be. They are not only valuable as muniments of title, but for convenience in numerous ways in the transaction of business. Certainly, to deprive the owner of shares of a certificate already issued, or to withhold from him a certificate to which he is entitled, is a wrong for which a court of competent jurisdiction, in a proper proceeding, will award adequate relief. Section 330, Comp. Laws Utah 1907, declares capital stock of corporations to be personal property and recognizes the use of stock certificates as muniments of title, and provides for the transfer thereof from one person to another. It recognizes the quasi negotiable character of such instruments, and where the property represented by the certificates is of considerable value, as shown by the complaint in this case, the certificate itself has a pecuniary value separate and distinct from the value of the shares it represents. As we understand the law relating to a case of this kind, the wrongful withholding of a certificate of stock is equivalent to a conversion of the stock itself, and may be so treated by the owner.

While the issue presented by this appeal is simple, and exceedingly so, appellant and respondent seem to be at variance in their understanding as to what the subissues are in determining the principal or main issue. Appellant seems to think the main question is whether or not it is an action for conversion, and whether or not that is the proper remedy. Respondent insists that the question before the court is one of pleading, and not the propriety of a selected remedy. As to the form of the action, it is wholly immaterial under the issues presented. This court, in a case in nearly every respect similar to the case at bar, used the following language:

"It is not necessary for us to consider that this is an action of trover, and that trover is not the proper remedy. To do so would be to tie the pleadings down again to set forms. Some of the language used may be

that used in trover, but some certainly is not, and it matters very little, under the practice act, whether the language used be that belonging ·to the form of one action or another, or to no form of action. The material question is: Do the facts stated show the plaintiff entitled to any remedy, legal or equitable? If so, then the court could not say that the complaint did not state facts sufficient to constitute a cause of action.'' Kuhn v. McAllister, 1 Utah, 274.

In the case just cited the plaintiff brought his action for the conversion of shares of stock in a mining corporation. Judgment in the court below was entered against defendant by default. Defendant appealed, and in this court contended that the complaint did not state facts sufficient to constitute a cause of action. The old common-law doctrine was invoked that shares of stock in a corporation, being incorporeal and intangible, are not the subject of conversion, and that therefore trover would not lie. · That was the principal contention; and in disposing of it this court used the language above quoted. The case is also authority for the proposition that shares of stock in a corporation are the subject of conversion, and that that form of action will lie. That cause was affirmed by the Supreme Court of the United States, 96 U. S. 87, 24 L. Ed. 615.

We do not know that the form of action in this case is seriously questioned; but it may be stated generally that the modern authorities are almost a unit in holding that shares of stock in a corporation may be the subject of conversion, or the wrongful withholding thereof a breach of contract, and that an action at law for damages is a proper remedy. We cite a few leading authorities in support of the proposition:

''Where the officers of a corporation refuse on demand to issue a certificate to a person entitled thereto, his appropriate remedy is by action against the corporation for damages, or in equity to enforce the issue and delivery of the certificate.'' 26 A. & E. Ency. of Law, 876; 28 A. & E. Ency. of Law, 651; 1 Machen, Corp. section 515; 4 Thompson, Corp. section 3490 et seq.; 10 Cyc. 609, 610.

In *State* v. *Carpenter*, 51 Ohio St. 83, 37 N. E. 261, 46 Am. St. Rep. 556, an Ohio case, the action was mandamus in the court of common pleas to compel the officers of a corporation to issue certificates for shares of stock that had been subscribed and fully paid for. The court rendered judgment in favor of

defendants, and found further that the relators had an adequate remedy at law. The case was appealed to the circuit court, which found that the relators had fully paid for the stock and were entitled to certificates, but held that the remedy was in equity, and for that reason refused the writ. From this judgment the case was appealed to the Supreme Court. In concluding its opinion that court said:

"Our conclusion is that, where the officers of a private corporation, organized for profit, refuse, upon demand, to issue a certificate of stock to a person entitled thereto, his appropriate remedy is by action against the corporation for damages, or in equity to enforce the issue and delivery of the certificate. If, for any reason, the one does not, the other will, afford him a plain and adequate remedy, and he may resort to either at his election. Mandamus cannot, therefore, be properly invoked."

The last case is cited specially, not only because it is in point in its essential facts, but because there is an intimation, at least, in the argument that the court below thought mandamus was a proper form of action, and for that reason sustained the demurrer. Let it, however, be understood, as stated, in effect, in our quotation from *Kuhn* v. *McAllister,* supra, that we are not attempting by this opinion to determine the particular form of action of the present case, whether a conversion, which at common law was called trover, or whether it is an action for damages arising from a breach of contract. The distinction for the purposes of this case is wholly immaterial. The single question is: Does the complaint state facts sufficient to constitute a cause of action for any relief? If it does, the demurrer should have been overruled; if not, the judgment of the court below was correct.

The contention of respondent that appellant was not authorized to demand the stock or bring an action for damages is wholly without merit. The principal purpose of appointing an administrator in probate matters is to preserve the estate, collect the assets, and, when necessary, institute      3
proceedings for the purpose of reducing the property of the estate to the possession of the administrator or for other relief. Comp. Laws 1907, section 3912 makes it the duty of the administrator to take into his possession the property of his intestate. Section 3915 authorizes him to maintain actions in court for that purpose, or for other purposes when neces-

sary. The argument of respondent in this regard is exceedingly hypercritical.

Numerous veiled suggestions appear in respondent's brief relating to matters outside the record. It is, perhaps, needless to say that such allusions and suggestions are improper, and can have no influence whatever upon the judgment of this court in determining the questions submitted for its consideration. It is a fundamental rule of practice that, as against a general demurrer, a pleading should be liberally construed. Applying that rule to the present case, we are of the opinion that the trial court erred in sustaining the demurrer and entering judgment dismissing the action, and for that reason the judgment must be reversed.

The cause is therefore remanded to the district court of Weber County, with instructions to said court to reinstate plaintiff's complaint, overrule the demurrer interposed thereto, permit the defendant to file an answer to said complaint upon such terms as may be just, and proceed with the hearing of said cause. Appellant to recover costs on appeal.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.