304 P.2d 380

**Heber W. GLENN, Plaintiff and Appellant,**

**v.**

**J. A. FERRELL et al., Defendant and Respondent.**

No. 8523.

Supreme Court of Utah.

Nov. 21, 1956.

440

Ralph & Bushnell, Salt Lake City, for appellant.

E. J. Skeen, Salt Lake City, for respondent.

CROCKETT, Justice.

The question here involved is whether a certificate of stock can be attached in this state by seizure of the certificate without leaving a copy of the writ of attachment with an officer of the corporation as specified in Rule 64C(e) (5), Utah Rules of Civil Procedure.[1] We affirm the trial court's ruling that it cannot.

Plaintiff Glenn commenced an action against the defendant, Ferrell, a resident of Montana, for work done on a farm in Utah County. Personal service was made on Ferrell in Montana. By a special appearance he moved to quash the service on the ground that it did not give the court jurisdiction over him, which motion was granted. Glenn then filed an affidavit that the defendant owned property in Utah which was subject to attachment, and attempted to proceed in rem against the property. He procured an order of court allowing personal service outside the state as equivalent to service by publication as provided in Rule 4(f) (2), U.R.C.P., and again personally served Ferrell in Montana.

1. Vol. 9 U.C.A.1953, p. 689.

Incident to the above proceeding, the plaintiff followed statutory procedure in getting out an attachment upon a stock certificate representing 102 shares in the Utah Lake Distributing Company, which certificate was endorsed in blank by the previous owner, but was owned by the defendant and was in the hands of a third party here.

Under the writ of attachment the sheriff took possession of the certificate. Based upon the possession of such certificate within the present jurisdiction of the court, and proceeding in rem, the court entered default judgment for the plaintiff, limited to such recovery as the attached property might produce. A writ of execution followed, directing the sheriff to sell the certificate which the plaintiff bought as the highest bidder.

After all of the above proceedings had been completed, defendant again appeared specially and filed a motion to vacate the attachment, the default judgment, and the judicial sale on the grounds that the certificate had never been properly attached as required by said Rule 64C(e) (5) which provides:

"Stocks or shares, or interest in stocks or shares, of any corporation or company *must be attached by leaving with the president, secretary, cashier or other managing agent thereof, a copy of the writ, and a notice stating that the stock or interest of the defendant is attached in pursuance of such writ* and by taking the certificate into custody, unless the transfer thereof by the holder is enjoined or unless it is surrendered to the corporation issuing it."

It is undisputed that no officer of the company was ever served as required in the above rule. It is plaintiff's position that it was unnecessary to do so, and that actual seizure of the certificate was sufficient to complete the attachment. This is based on the contention that the Uniform Stock Transfer Act, Sec. 16–3–13, U.C.A.1953, supersedes the above quoted rule in regard to attachment of corporate stock. That section provides:

"No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined. Except where a certificate is lost or destroyed, such corporation shall not be compelled to issue a new certificate for the stock until the old certificate is surrendered to it."

In support of his contention, plaintiff points to the legislative history of Rule 64C: at common law a certificate was not considered the stock itself but merely rep-

resented evidence of ownership in the corporation [2] and was not the subject of attachment. Rule 64C was enacted into our law in 1870 [3] when the above theory was commonly accepted. The act logically provided that the attachment be served on a corporate officer. Plaintiff's argument is that one of the primary purposes of the Stock Transfer Act of 1927 was to change the former concept and make the certificate, to the fullest extent possible, the embodiment of the property it represents; [4] that actual possession of the certificate is the thing of paramount importance, and all that is essential to an attachment.

The generally recognized rule is that attachment procedure being statutory, the requirements of the statute must be complied with or a sale thereunder is void. [5] It has been applied many times to

the requirement that notice be given the corporation, or that a copy of the writ be left with an officer thereof. [6] Although this court has indicated that statutes relating to attachment and garnishment should be liberally construed to effect their purposes, it has also recognized that where there is a defect which is jurisdictional in nature, it must not be disregarded. [7]

In proceeding against a nonresident, as here, where bringing the property within the jurisdiction of the court is the basis for proceeding in rem, the validity of the judgment depends upon the validity of the attachment. [8] This principle is set forth in the case of Collins v. McCook [9] where it was stated:

" 'It is the established law of this state [Louisiana] that a writ of attachment in the case of a nonresident is not merely a conservatory writ, but

2. Rock v. Gustaveson Oil Co., 59 Utah 451, 204 P. 96; Coray v. Perry Irrigation Co., 50 Utah 70, 166 P. 672; Fletcher, Cyclopedia of Corporations § 5092.

3. Civil Practice Act of 1870, Laws 1851–1870, § 127.

4. See Commissioners Note, 6 Uniform Laws Ann. § 1; Hodes v. Hodes, 176 Or. 102, 155 P.2d 564.

5. Fletcher, Cyclopedia of Corporations, § 5110.

6. Haigler v. Burnson, 38 Ariz. 192, 298 P. 404; Deutschman v. Byrne, 64 Ark. 111, 40 S.W. 780; Barber v. Morgan, 84 Conn. 618, 80 A. 791; Fowler v. Dickson, 1 Boyce 113, 24 Del. 113, 74

A. 601; Union Nat'l Bank of Chicago v. Byram, 131 Ill. 92, 22 N.E. 842; Feige v. Burt, 118 Mich. 243, 77 N.W. 928; Packard Machinery Co. v. Laev, 100 Wis. 644, 76 N.W. 596; Wyoming Fair Ass'n v. Talbott, 3 Wyo. 244, 21 P. 700.

7. Cole v. Utah Sugar Co., 35 Utah 148, 99 P. 681.

8. Woods v. Spoturno, 7 W.W.Harr. 295, 37 Del. 295, 183 A. 319; Collins v. McCook, 17 La.App. 415, 136 So. 204; Cohn v. Enterprise Distributing Corp., 214 App.Div. 238, 212 N.Y.S. 39; 7 C.J.S., Attachment, § 497g.

9. 136 So. 204, 206.

is the basis and foundation of jurisdiction, which cannot be acquired except under the very letter of the law allowing process.'"

■ There are other reasons, based on rules of statutory construction, why we cannot agree with plaintiff's contention. Rule 64C sets forth two requirements for attaching the stock of a corporation: that it *must* be attached by (1) leaving a copy of the writ of attachment and the notice with an appropriate officer, *and* (2) by taking the certificate into custody (or other means not here material). The word "must" is mandatory unless some compelling reason indicating a contrary intent appears.[10]

■ The Uniform Stock Transfer Act, Sec. 13 is not inconsistent with Rule 64C, but is entirely reconcilable with it. While the rule affirmatively states the manner in which stock must be attached, Sec. 13 is negative in form, simply declaring that no attachment is valid until condition (2) above referred to, the seizure of the certificate, is complied with. To uphold the position of the plaintiff, that seizure of the certificate would alone be sufficient, would result in ignoring requirement (1) referred to above, that the attachment must be served upon the corporation. Proper statutory construction requires that the statutes be harmonized wherever possible, and also that significance be accorded every part of the statute.[11]

■ The contention urged by plaintiff that because of its later enactment, the Uniform Stock Transfer Act of 1927 supersedes Rule 64C which had its origin in 1870 is not well grounded. Repeal by implication is not favored in the law.[12] In order for a later enactment to take precedence over a prior one, without expressly repealing it, there must be irreconcilable conflict, which as above indicated, does not exist here.

One further comment on the question of priority of the later statute is appropriate: while it is appreciated that precedence because of subsequent enactment is not usually affected by general codifications of law, it is worthy of note here that a committee of the Utah State Bar made a com-

10. State v. Reese, 364 Mo. 1221, 274 S.W. 2d 304; Barnhart v. United Auto etc. Workers, 12 N.J.Super. 147, 79 A.2d 88; Willis v. Seeley, Ohio Com.Pl., 68 N.E. 2d 484; see generally 27 Words and Phrases, Must, pp. 884–918.

11. Dunn v. Bryan, 77 Utah 604, 299 P. 253.

12. See Moss ex rel. State Tax Comm. v. Board of Commissioners of Salt Lake City, 1 Utah 2d 60, 261 P.2d 961, citing Sutherland's Statutory Construction (3rd Ed.) Secs. 1913, 5201.

prehensive study of our code of civil procedure which resulted in an entire new set of rules of civil procedure being promulgated January 1, 1950. Rule 64C was included therein and it was not seen fit to change its requirements so it was actually. reaffirmed after the 1927 act.

We do not see that the holding of the trial court is in discord with the so-called modern concept which tends toward the view that the certificate is regarded as the embodiment of the property it represents. Assuming such to be the case, it does not necessarily follow that there is no longer any reason for serving the corporation. The obvious and salutory purpose is to advise the corporate officers of the status of *its outstanding stock so that they may act* advisedly with respect to any possible claims of lost or destroyed certificates, or asserted claims to stock or dividends by transferees or purchasers, innocent or otherwise. Compliance with that requirement meets the practical exigencies of stock transfer by legal process. It is not unduly burdensome, nor would it necessarily pro-

tect debtors who hold stock in foreign corporations by making such stock invulnerable to attachment or execution. The language does not import the necessity for any particular formality of service, such as, for instance, that requisite for the service of summons. It only specifies that a copy of the writ and a notice be given by "leaving with" the corporate officer. It would appear that having this done in any manner by anyone, or even by registered mail, so that proof could be made that such papers were actually delivered to the corporate officer, would be sufficient.

We agree with the holding of the trial court that the failure to serve the corporation in accordance with the requirements of Rule 64C renders the attachment defective. Accordingly, the subsequent proceedings and judgment were properly set aside.

Affirmed. Costs to respondent.

McDONOUGH, C. J., and HENRIOD, WADE and WORTHEN, JJ., concur.