E. Ray CHRISTENSEN, Plaintiff and Respondent,

v.

STATE TAX COMMISSION of Utah, Defendant and Appellant.

No. 15666.

Supreme Court of Utah.

Feb. 5, 1979.

Robert B. Hansen, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for defendant and appellant.

George N. Larsen, Lee W. Hobbs, Salt Lake City, for plaintiff and respondent.

1. Established pursuant to U.C.A., 1953, 59–24–1, et seq.

HALL, Justice:

This case comes on appeal from the State Tax Commission which had denied plaintiff's claimed exemption for retirement income and assessed a tax deficiency. On his 1975 tax return, the plaintiff claimed $4,800 of his interest income as a *deduction* pursuant to U.C.A., 1953, 59–14A–13(b)(3)(g) and claimed his retirement income in the amount of $2,544.49 as *exempt* pursuant to U.C.A., 1953, 49–1–28 and 49–10–47. The State Tax Commission disallowed the exempt income and recomputed the taxpayer's income tax which resulted in a tax increase of $201.57. The taxpayer received an informal hearing before the Commission wherein the audit was sustained. A formal hearing before the Tax Division of the Third District Court[1] was granted on petition of the taxpayer; and at that hearing, the Commission's decision was reversed in favor of the plaintiff. The State Tax Commission seeks a reversal of the trial court's decision and a reinstatement of the taxpayer's deficiency.

The basic thrust of the Commission's argument is that the retirement income deduction provision of Section 59–14A–13(b)(3)(g) puts a ceiling on the amount of retirement income that is deductible from gross income and that this 1973 enactment repeals the prior statutory exemptions of sections 49–1–28 and 49–10–47 which declare that retirement income for Utah State employees is exempt from taxation. In support of this position, the Commission maintains that "exemption" and "deduction" are synonymous terms, used interchangeably, and have the same net effect on a taxpayer's return.

We are unable to adopt the position of the Tax Commission for a number of reasons. The Commission maintains that because state taxable income is defined as federal taxable income;[2] and federal taxable income is defined as taxable income within the meaning of section 63 of the

2. U.C.A., 1953, 59–14A–11, as amended 1973.

Internal Revenue Code;[3] and the Internal Revenue Code further defines taxable income as "gross income, minus the deductions allowed,"[4] that the only modifications are those permitted by U.C.A., 1953, 59–14A–13(b)(3)(g) which limits the deductions for retirement income to $4,800. Thus, the argument continues, the statutory provisions providing for an exemption are implicitly repealed by the 1973 Tax Act.

■ It is a fundamental principle of income tax law that: if income is *exempted*, it is not reportable and thus is *not* part of the taxpayer's *gross income*. Hence, it is not within the definition of Section 63 of the Internal Revenue Code. If income is *deductible*, it must still be reported as gross income with the proper adjustment being made for *that portion* which can be deducted. Hence, it does fall within Section 63 of the Internal Revenue Code. The purpose of an exemption is to make the income not reportable at all whereas the purpose of a deduction is to give a credit for whatever amount is allowed by statute, thereby reducing the *taxable income*. The deductions permit a tax on a lesser amount but an exemption permits no tax at all. The net result to the taxpayer can be substantial.

■ While Section 61(a) of the Internal Revenue Code defines gross income as "income for whatever source derived," including retirement income, a statutory exemption will remove that income from the general definition so that *adjusted gross income* within the meaning of Section 62 of the Internal Revenue Code becomes *all income, not specifically exempt by law*, less allowable deductions (which included pension plans).

■ It is undisputed that for state tax purposes, a state may include or exclude items that are not recognized for federal income tax purposes. A taxpayer may have to pay federal tax on earnings that are not exempted by federal law but will pay no state tax for the same earnings that are exempt by state legislative enactments.

Or, a deduction may be permitted on a federal tax return but not allowed on a state return for the same item. Of course, the converse is also true.

■ In 1973, the legislature enacted new tax provisions. Section 59–14A–13 of that Act is pertinent to the instant matter and reads in part as follows:

\* \* \* \* \* \*

(b) There shall be *subtracted* from federal taxable income . . .

\* \* \* \* \* \*

(3) amounts received as 'retirement income' which, . . . shall mean—
(a) pension and annuities . . . under a plan which meets the requirements of section 404(a)(2) of the Internal Revenue Code . . .,
(b) interest,
(c) rent,
(d) dividends,

\* \* \* \* \* \*

(g) . . . the amount of "retirement income" subtracted shall be the lesser of the amount included in federal taxable income or $4,800 . . . [Emphasis added.]

The foregoing language clearly refers to a *deduction* from taxable income and that deduction is limited to the lesser of the amount included in the federal tax return or $4,800. It does not include exemptions provided by law.

The State Tax Commission claims that this provision is inconsistent with the prior exemption provisions and, thus, the earlier enactments must fall by virtue of U.C.A., 1953, 59–14A–3, as amended, 1973 which states:

This act supersedes all conflicting provisions of Utah law in effect on the effective date hereof, to the extent of such conflict, except as provided in section 59–14A–98 . . .

■ The trial court properly drew the distinction between an exemption and a de-

---

**3.** U.C.A., 1953, 59–14A–10, as amended 1973.

**4.** Section 63(a), Internal Revenue Code.

duction. If retirement income is exempt by a specific statute, it is not reportable and the deduction provision of section 59–14A–13 never comes into operation. If the retirement income is not exempt, it must be reported as gross income and the appropriate deduction taken as allowed by that statute. The two statutes do not deal with the same point; therefore, no conflict exists.

The retirement income in issue here was paid from the Utah State Employees Retirement System. Sections 49–1–28 and 49–10–47 specifically exempt this retirement income from any state, county or municipal tax of the state of Utah. The correct construction of the statutes involve results in the following interpretation: Retirement benefits received by a state employee are exempt from taxation by virtue of the provisions of U.C.A., 1953, 49–1–28 and 49–10–47, thus not subject to section 59–14A–13, and that income is not reportable. Retirement benefits received by any individual through any pension plan *other than* the state retirement system are *not exempt* and must be reported with gross income, subject to the maximum deduction provision of section 59–14A–13(b)(3)(g).

Such an interpretation makes the statutes consistent. This Court stated in *Glenn v. Ferrell*[5] that statutes must be harmonized wherever possible and further:

. . . Repeal by implication is not favored in the law. In order for a later enactment to take precedence over a prior one, without *expressly repealing it*, there must be *irreconcilable conflict*, . . [Emphasis added.]

Not only were the exemption statutes not expressly repealed, but there is no irreconcilable conflict concerning them. Indeed, it would be most difficult to find any conflict since they do not deal with the same subject matter.

The State Tax Commission urges that the legislative intent reflected in U.C.A., 1953, 59–14A–2, demonstrates that the Tax Act

was created to supersede all prior tax law. We do not agree with that contention. Section 59–14A–2 states in part:

The intent of the legislature . . . is to accomplish the following objectives:

(a) To impose . . . a tax . . as determined for federal income tax purposes, *subject to certain adjustments*

\* \* \* \* \* \*

(c) To adopt . . . by reference, the provisions of the federal income tax laws *which are applicable* . . . for federal income tax purposes which, it is believed, will

(1) promote consistency in tax treatment . . .

(2) enable a taxpayer to prepare . . with a minimum expenditure of additional time and effort . . .

(d) To conform, to the extent practicable, certain of the existing *rules of procedure* . . . with a view to *reduction of duplication of effort* . . . [Emphasis added.]

An examination of the foregoing shows that the main purpose is to assist the taxpayer by making the forms and procedures consistent, wherever practicable, so that unnecessary duplication can be avoided. There is nothing in the statute to suggest that state law is now the same as federal law or that existing state law as been either implicitly or expressly repealed. The language clearly indicates that the federal scheme is "subject to certain adjustment" by the state and that only those federal laws deemed "applicable" will be applied to make it easier for the taxpayer to *prepare his state return*.

The Tax Commission has not applied the broad "repealer clause" of section 59–14A–3 to interest income under the Utah Municipal Bond Act[6] which makes interest income on state and municipal obligations exempt from taxation. The Tax Commission's posi-

**5.** 5 Utah 2d 439, 304 P.2d 380 (1956); see also, *Moss v. Board of Commissioners*, 1 Utah 2d 60, 261 P.2d 961 (1953), wherein we made the following additional comment: "Wherever two

such statutes can stand separately, both should be given effect."

**6.** U.C.A., 1953, 11–14–14.

tion in permitting this exempted income to stand while attempting to repeal exempt income for retirement benefits is inconsistent.

The passage of section 49–10–47 was intended to give a preference to that class of persons covered by the Utah State Retirement Act. When the tax reform act was first introduced to the legislature in 1971 (Senate Bill 108 which was later passed as the 1973 Tax Reform Act), companion bills were also introduced to repeal the exemption provisions for state employees.[7] The companion bills were defeated, and this indicates a strong intent on the part of the legislature to continue the preferential treatment afforded state employees over other recipients of retirement income. The enactment of the provision of section 59–14A–13(b)(3)(g) was intended to provide tax relief in the form of a retirement income deduction to those persons receiving pension benefits from sources other than the Utah State Retirement System. The Act was not intended to disturb the provisions that make state employees retirement income exempt from taxation.

The judgment is affirmed. No costs are awarded.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

---

7.  Senate Bills 111 and 113 (1971 session of Utah Legislature).