**ESTATE OF John E. MITCHELL, Lois A Mitchell, etc., et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 85–8119 Civ.

United States District Court, S.D. Florida, Miami Division.

Oct. 17, 1986.

---

Peter Mettler, Boca Raton, Fla., for plaintiffs.

William Dowdy, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION

SCOTT, District Judge.

THIS CAUSE is before the Court upon cross-motions for summary judgment filed by Plaintiffs and Defendant. The question raised by these motions is whether the Plaintiffs are entitled to relief from the effect of the failure to timely file a claim for refund under either the doctrine of equitable recoupment or the mitigation of limitations provisions of the Internal Revenue Code, 26 U.S.C. §§ 1311–1315.

### THE FACTS

The facts are undisputed. John E. Mitchell, now deceased, and Lois A. Mitchell, his wife, filed joint income tax returns for the taxable years 1972 through 1976. As part of those returns, the Mitchells deducted their alleged share of partnership loss of a partnership known as World Cattle Co., Limited. After an audit by the Internal Revenue Service, the Mitchells agreed to adjustments disallowing their deductions for the partnership losses for those years. On August 16, 1979, they paid taxes and interest in the amount of $12,394.04.

J.W.F. McFarlane and Fay McFarlane also deducted losses of the World Cattle Co. Ltd. partnership. After the Internal Revenue Service's disallowance of their share of partnership losses, they petitioned the Tax Court contesting the deficiency in taxes proposed by the Service. Their petition resulted in a settlement in which most of the original partnership loss deductions claimed by the McFarlanes were allowed.

On the basis of the settlement, a stipulated decision by the Tax Court was entered on April 26, 1982.

On February 18, 1983, the Mitchells filed Form 1040X, Amended Tax Return, for the taxable years 1973 through 1976, claiming a refund of the taxes and interest paid in 1979. When the Internal Revenue Service did not refund the amount claimed, the Plaintiffs instituted this action.

### MITIGATION PROVISIONS

■ The first issue is whether Sections 1311 through 1315 of the Internal Revenue Code apply in favor of the Plaintiffs so as to mitigate the effect of the statute of limitations which otherwise bars Plaintiffs' claims. These mitigation provisions of the Internal Revenue Code are designed to grant relief against inequities caused by the operation of the statute of limitations. However, this relief is limited to defined circumstances. The statute "does not purport to permit the correction of all errors and inequities." *Brennen v. Commissioner*, 20 T.C. 495, 500 (1953). As stated by the court in *Olin Mathieson Chemical Corp. v. United States*, 265 F.2d 293, 296 (7th Cir.1959):

> Of course, Congress did not intend by §§ 1311–1315 to provide relief for inequities in all situations in which just claims are precluded by statutes of limitations....
>
> ....
>
> In order to obtain relief under §§ 1311–1315 taxpayer must demonstrate that it meets the specific requirements of those sections. Sections 1311–1315 though complicated and technical in their wording, have the clear purpose of providing for adjustments to correct errors *only* under particular circumstances set forth in detail in Section 1312, which adjustment would otherwise not be made due to the "operation of any law or rule of law." Section 1311(a). Moreover, these adjustments are to be allowed only under circumstances delineated in Section 1311(b). (Emphasis as in original.)[1]

---

1. Section 1311(a) reads as follows:

*General Rule.*—If a determination (as defined

Plaintiffs contend that the circumstance of adjustment described in § 1312(3)(A) applies to the present case. A careful reading of that provision, however, shows that Plaintiffs fail to meet its requirements. The statute only applies where:

[t]he determination requires the *exclusion from gross income* of an item included in a return filed by the taxpayer, or with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year....

26 U.S.C. § 1312(3)(A) (emphasis added). In the Plaintiffs' case, the Tax Court's 1982 determination involves the propriety of *deductions* for partnership losses rather than requiring an *exclusion* from gross income of an item included in a taxpayer's return as required by § 1312(3)(A). There is a distinction between a deduction and an exclusion from gross income (otherwise known as an exemption) and that distinction is crucial here. As so aptly stated in *Christensen v. State Tax Commission*, 591 P.2d 445, 447 (Utah S.Ct.1979):

It is a fundamental principle of income tax law that: if income is *exempted,* it is not reportable and thus is *not* part of the taxpayer's *gross income*.... If income is *deductible,* it must still be reported as gross income with the proper adjustment being made for *that portion* which can be deducted.... The purpose of an exemption is to make the income not reportable at all whereas the purpose of a deduction is to give a credit for whatever amount is allowed by statute, thereby reducing the *taxable income.* The deductions permit a tax on a lesser amount but an exemption permits no tax at all. (Emphasis as in original.)

in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and the manner specified in section 1314.

The relief provided by § 1312(3)(A) is limited to determinations requiring the exclusion of an item from gross income. Consequently, the Tax Court's 1982 determination does not satisfy the provision's requirements and Plaintiffs cannot rely on § 1312(3)(A) to overcome the statute of limitations hurdle.[2]

**THE DOCTRINE OF EQUITABLE RECOUPMENT**

The remaining issue is whether the Plaintiffs may circumvent the statute of limitations by invoking the doctrine of equitable recoupment. In *Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935), where the doctrine originated, the Supreme Court discussed the fundamental basis of the doctrine:

If the claim for income tax deficiency had been the subject of a suit, any counter demand for recoupment of the overpayment of estate tax could have been asserted by way of defense and credit obtained, notwithstanding the statute of limitations had barred an independent suit against the government therefor. This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely.

While there was language in the *Bull* decision indicating that the doctrine of recoupment might have a broad effect, the Supreme Court in *Rothensies v. Electric Storage Battery Company*, 329 U.S. 296, 300–303, 67 S.Ct. 271, 274–274, 91 L.Ed. 296 (1946) declined to expand the doctrine:

The Government has argued that allowance of the claim of recoupment in-

2. The Court notes that the Plaintiffs did not attempt to demonstrate that they meet any of the other circumstances of adjustment set forth in Section 1312. Nevertheless, this Court concludes that the Tax Court determination likewise fails to satisfy these other provisions of the statute.

volved here would expand the holding in the *Bull* case. The Circuit Court of Appeals agreed that in the *Bull* case "The main claim and recoupment claim were more closely connected than they are here." *Electric Storage Battery Co. v. Rothensies*, 3 Cir., 152 F.2d 521, 524. But the court nevertheless allowed the claim because it considered that this Court had introduced the doctrine of recoupment into tax law and that it was "based on concepts of fairness." 152 F.2d 521, 524. It said it saw no reason for narrowly construing the requirement that both claims originate in the same transaction. We think this misapprehends the limitations on the doctrine of recoupment as applied to tax law and it leads us to state more fully reasons for declining to expand the doctrine beyond the facts of the cited cases.

It probably would be all but intolerable, at least Congress has regarded it as ill-advised, to have an income tax system under which there never would come a day of final settlement and which required both the taxpayer and the Government to stand ready forever and a day to produce vouchers, prove events, establish values and recall details of all that goes into an income tax contest. Hence a statute of limitation is an almost indispensable element of fairness as well as of practical administration of an income tax policy.

. . . .

If there are to be exceptions to the statute of limitations, it is for Congress rather than for the Courts to create and limit them.

*Rosenthies* thus established that equitable recoupment is not a flexible doctrine, but a doctrine that is to be strictly limited to those cases presenting facts similar to *Bull.* Consequently, the doctrine is only allowed as a defense to an asserted claim and only when it arises out of the same transaction. In the present case, the Plaintiffs are attempting to use recoupment not in its traditional form as a defense, but as an independent ground for overcoming the effect of the statute of limitations. It is

clear that this case does not present facts similar to *Bull.* As a result, Plaintiffs fail to meet the strict requirements of the doctrine of equitable recoupment and hence, may not invoke its use to circumvent the statute of limitations.

## CONCLUSION

Based on the foregoing facts and reasons, this Court concludes that Defendant's motion for summary judgment should be granted and Plaintiffs' cross-motion should be denied. Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. Defendant's motion for summary judgment is GRANTED.

2. Plaintiffs' cross-motion for summary judgment is DENIED.

3. This cause is DISMISSED WITH PREJUDICE.