## ROCK v. GUSTAVESON OIL CO.

No. 3660.   Decided January 19, 1922.   Rehearing Denied February
6, 1922.   (204 Pac. 96.)

1. CORPORATIONS—PERFORMANCE OF SALE OF STOCK ORDINARILY RE-
QUIRES DELIVERY OF CERTIFICATE. Under Comp. Laws 1917,
§ 878, shares of stock in a corporation are deemed personal
property, the certificates issued therefor are the muniments
of title, and due performance of a contract of sale on the part
of the seller of stock ordinarily requires a .delivery of the
certificate.[1]

2. CORPORATIONS—RULES APPLICABLE TO SALES OF PERSONALTY IN
GENERAL ARE APPLICABLE TO SALE OF STOCK. The same prin-
ciples and rules of law are applicable to the sale of corporate
stock as to sales of personal property in general.

3. CORPORATIONS—BURDEN ON PLAINTIFF TO SHOW DAMAGE
THROUGH CORPORATION'S FAILURE TO DELIVER STOCK PURCHASED.
In an action by purchaser of stock against the corporation for
failing to deliver certificates for stock purchased, it was in-
cumbent on plaintiff to prove, and on the trial court to find,
the actual loss or damage sustained.

4. CORPORATIONS—MEASURE OF DAMAGES FOR DELAY IN DELIVERING
STOCK PURCHASED STATED. The measure of damages for delay
in delivering certificates of stock purchased is the difference
between the price per share at which the stock was selling
when it should have been delivered and the selling price on
the market when it was delivered.

5. CORPORATIONS—THAT PURCHASER OF STOCK INTENDED FOR RESALE
MAY SUPPLY HIS CUSTOMER FROM OTHER STOCK DOES NOT DEPRIVE
HIM OF REMEDY FOR DELAY IN DELIVERY. A purchaser of stock
is not deprived of his right to damages for the corporation's
delay in delivering certificates therefor by the fact that the
purchaser was able to supply his own customers out of other
stock that he had on hand, the corporation knowing that the
purchase was made for the purpose of resale.

Appeal from District Court, Third District, Salt Lake
County; *Wm. H. Bramel*, Judge.

---

[1] *Coray, Adm'r* v. *Perry Irr. Co.*, 50 Utah, 70, 166 Pac. 672;
*Markis* v. *Melis*, 50 Utah, 544, 167 Pac. 802.

Action by Murray Rock against the Gustaveson Oil Company. Judgment of dismissal was entered, new trial was refused, and plaintiff appeals.

REVERSED AND REMANDED with directions to grant new trial.

*Clawson & Elsmore,* of Salt Lake City, for appellant.

*Ball, Musser & Robertson,* of Salt Lake City, for respondent.

CORFMAN, C. J.

Plaintiff brought this action to recover damages alleged to have been sustained by him by reason of the defendant's failure to make timely delivery of certain shares of its capital stock purchased by him in accordance with the terms and conditions of an agreement of sale.

In conformity with the pleadings of the respective parties, the district court upon a trial of the case denied a recovery, and from the evidence found the facts to be substantially as follows:

"That the defendant, in consideration of the plaintiff's subscription for certain stock in the defendant corporation, gave the plaintiff an option to purchase 50,000 shares of the defendant's stock at one cent per share, said option to be operative for a period of ten days following the discovery of oil at a certain drilling then being made; that on or about August 4, 1919, and within the said ten-day period, the plaintiff gave the defendant notice of his acceptance of the said offer and thereupon paid to the defendant the sum of one cent per share for 50,000 shares, which sum of $500 was accepted by the defendant.

"That at the time of exercising the said option to purchase, the plaintiff owned in his own right certificates of stock representing 50,000 shares of the capital stock of the defendant company, and that the plaintiff continued and was still the owner of the said stock and the certificates so named during all the times mentioned in said complaint; that between the 4th day of August, 1919, and the 19th day of August, 1919, the plaintiff sold 28,000 shares of said stock at five cents per share; that of this 28,000 shares did fill orders for 18,000 shares out of his original stock holdings;

that the plaintiff could have filled orders for the additional 10,000 shares out of his original 50,000 shares of stock above mentioned, but failed and refused to do so; that the 50,000 shares of stock purchased under his option as aforesaid was to have been delivered to the plaintiff within a reasonable length of time; that one day was a reasonable length of time for the delivery of the said certificates of stock; that the defendant was running short of stock certificates about August 5, 1919, and while it had more than enough to perform its contract with the plaintiff, it anticipated a shortage of certificate blanks before new ones could be printed, if it delivered the stock certificates to the plaintiff as contracted; that the defendant therefore breached its contract with the plaintiff by failing to deliver the said certificates on August 5, 1919.

"That although the plaintiff made demand upon the defendant for the delivery of said certificates on August 5, 1919, and repeatedly thereafter, the defendant failed to deliver the same to the plaintiff until August 21, 1919.

"That the market value of the said stock between August 4, and August 8, 1919, was 5 cents per share; that the market value of the said stock on August 21, 1919, was 1½ per. share.

"That at the time of purchasing the second 50,000 shares of the defendant's stock, the plaintiff informed the defendant that the stock was being purchased for resale."

From the foregoing findings the trial court, as matter of law, concluded:

"That plaintiff suffered no damage by reason of the defendant's failure to issue said 50,000 shares of the capital stock of the defendant before the 19th day of August, 1919; that no damage has been shown to have been suffered by the plaintiff."

Thereupon the court entered judgment dismissing plaintiff's complaint.

Plaintiff applied for and was refused a new trial. He appeals.

As grounds for a reversal of the judgment the plaintiff assigns and complains of the following as errors.

"(1)   That the court committed error in its conclusion of law for the reason that the said conclusion does not follow, nor is it supported by the findings of fact.

"(2)   That the court erred in failing and refusing to find as a conclusion of law that the defendant breached its contract with the plaintiff and that the plaintiff was therefore entitled to a judgment for such sum as represented the difference between the value.

of the said stock on the day of the breach and the value on the day of the delivery, to wit, 3½ cents per share, and that the plaintiff was entitled to a judgment against the defendant for the sum of $1,750.

"(3)  That the court erred in ordering and adjudging that the plaintiff take nothing by his complaint and in dismissing the action, for the reason that the same is against law as being predicated upon an erroneous conclusion of law."

It has been seen that the trial court found that the plaintiff and defendant entered into a contract for the sale of stock; that by reason of the defendant's failure to deliver the stock purchased by the plaintiff within a reasonable time, which in this instance the trial court found to be one day after the payment of the purchase price, defendant breached its contract.

Plaintiff is seeking to recover damages alleged to have been sustained by him by reason of the breach of the contract; that is to say, by reason of the defendant's failure to deliver stock purchased, for resale, within a reasonable time.

Under our statute, section 878, Comp. Laws, 1917, shares of stock in a corporation are deemed personal property. The certificates issued therefor are the evidence or muniments of title.   Due performance of a contract of sale on the part of the seller of stock ordinarily imports and requires a delivery of the certificate to the buyer and until that is done by the seller the transaction will not be regarded as a completed one.  *Coray, Adm'r* v. *Perry Irr. Co.*, 50 Utah, 70, 166 Pac. 672; *Markis* v. *Melis*, 50 Utah, 544, 167 Pac. 802.

From the foregoing findings it has been seen the trial court found that under the terms and conditions of the contract between the parties defendant should have delivered the stock purchased of it by the plaintiff for resale on the 5th day of August, 1919, but that the defendant did not deliver it until August 21 following.

In cases of this kind, wherein the sale of stock is involved, it is generally held that the same principles and rules of law are applicable as in sales of personal property in general.  6 Fletcher, Cyc. Corp. 3898; 24 R. C. L.

§ 346.   Where personal property is purchased for resale, and
there is a failure to deliver, the latter authority states the
general rule of damages to be:

"Where goods are purchased for resale, ordinarily it seems
that the general damages recoverable for delay in, delivery is the
difference between the market value at the time the delivery should
have been made and the value at the time of delivery."

In this case it is argued by the defendant, and the trial
court held, as a matter of law, that the defendant's failure
to deliver the stock within a reasonable time occasioned the
plaintiff no damage.

Ordinarily, in a case of this kind, the plaintiff would be
entitled to at least nominal damages.   It is the general rule
that any breach of contract imports some loss.   However,
it seems to have been the theory of the trial court that be-
cause it was found that during the period of the defendant's
delay in making a delivery of the stock in question plaintiff
had stock on hand with which to supply purchasers, that is
to say, he had on hand stock to the amount of 18,000 shares
with which he did actually supply purchasers, and that he
could have supplied them with an additional 10,000 shares
from the same source, and 28,000 shares being the total num-
ber of shares sold by him before the defendant made a de-
livery, plaintiff sustained no damage, and therefore he is
left without any remedy.   The defendant has cited no au-
thorities to sustain this view and we very much doubt if any
can be found.

Of course, in the case here, as in all other actions for dam-
ages, it was incumbent on the plaintiff to prove, and the
trial court to find, the actual loss or damage sustained, if
any, before a recovery could be had.   The court found
in this instance that at the time of purchasing the        3
stock "plaintiff informed the defendant that the stock
was being purchased for resale"; that the plaintiff paid the
defendant for the stock on August 4, 1919, and that one day
thereafter was a reasonable time in which to make a delivery;
that plaintiff on August 5, 1919, and repeatedly thereafter,
demanded a delivery; that between August 4 and August 8,
1919, the market value of the stock was 5 cents per share,

and that it was not delivered until August 21, 1919, when the market value was only 1½ cents per share.

The plaintiff breached its contract by not delivering the stock on August 5, 1919, and the trial court so found. The stock on that day was selling on the market for 5 cents per share. Therefore, on the day defendant breached its contract the material and proximate result of its breach would be a loss sustained of the difference between the 5 cents per share for which the stock was then selling on the market and the 1½ cents per share, the market value of the stock when it was delivered. We know of no other standard of measurement by which the amount of loss sustained by the plaintiff under the circumstances could reasonably and in justness and fairness be ascertained.

Again, the defendant having been fully advised by the plaintiff at the time of the purchase of the stock that it was being purchased for resale, it must be held that the parties legally contemplated that upon failure to deliver the stock the measure of plaintiff's damages would be the difference between the market price when plaintiff was entitled to a delivery and the market price when the delivery was actually made. *Boomer* v. *Flagler,* 51 N. Y. Sup. Ct. 211; *Whalon* v. *Aldrich,* 8 Minn. 346 (Gil. 305) ; *Spiers* v. *Halsted Harries Co.,* 74 N. C. 620; 24 R. C. L. 346.

Nor can we agree with the contention made by defendant that the plaintiff sustained no loss because of the facts found that after defendant breached the contract and before delivery of the stock plaintiff sold but 28,000 shares and of that number he was able to supply his purchasers with 18,000 shares and might have supplied the additional 10,000 shares out of stock he then had on hand. That is not saying he purchased the stock he then held for resale, nor is it a finding that the plaintiff would not have resold on the very day defendant breached its contract the full 50,000 shares which the defendant should have delivered to him. It would be manifestly unjust to say that while stock is selling on the market at 5 cents per share the defendant may sit by and refuse to make a delivery under its contract

until the price recedes to 1½ cents per share, as apparently was done in this instance.

It would seem that as a matter of both public policy and as a matter of justice and right the trial court should have, under the facts and circumstances found by it, permitted the plaintiff to have recovered at the hands of the defendant the difference between the market price when defendant breached its contract and the market price when it delivered the stock, on 50,000 shares, amounting to $1,750. However, this is a law case, and the appeal is taken upon the judgment roll only. The court as a matter of law reached the conclusion after trial that the plaintiff sustained no damage. Possibly the court may have so concluded from facts and circumstances not disclosed on the record before us, and, under the evidence, the court would be justified in holding that the plaintiff is not entitled to a recovery of the amount we have indicated in this opinion ought to be the measure of plaintiff's damage.. Nevertheless, for the reasons stated, we are forced to the conclusion that under the trial court's findings and decision, as made to appear from the judgment roll, the judgment should not be permitted to stand.

Judgment reversed. Let the cause be remanded, with directions to the lower court to grant a new trial. Plaintiff to recover costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.