ROCK v. GUSTAVESON OIL CO.

No. 3930.   Decided March 10, 1923.   On Application for Rehearing, April 19, 1923.   (214 Pac. 301.)

1.   APPEAL AND ERROR—FINDINGS OF TRIAL COURT WHEN SUPPORTED BY SUBSTANTIAL PROOF ARE BINDING UPON SUPREME COURT. Where there is some substantial proof in the record to support the findings of the trial court in a law action, they are binding on the Supreme Court.

2. APPEAL AND ERROR—HOLDING ON APPEAL AS TO MEASURE OF DAM-
AGES HELD LAW OF CASE ON SUBSEQUENT APPEAL. Where, in an
action for damages for defendant's failure to deliver capital
stock purchased by plaintiff at the time stipulated in the con-
tract of purchase, the measure of damages has been laid down
on a prior appeal as being the difference between the market
price at the time the stock should have been delivered and the
market price at the date of actual delivery, such holding be-
comes the law of the case on a subsequent appeal.

3. CORPORATIONS—CONTENTION THAT PURCHASER OF STOCK NOT DE-
LIVERED IN TIME HAD FAILED TO SHOW ABSENCE OF INCREASE OF
MARKET PRICE SINCE DATE OF DELIVERY HELD WITHOUT MERIT.
In an action for damages for defendant corporation's failure to
deliver capital stock purchased by plaintiff at the time stipu-
lated in the contract of purchase, where defendant by its an-
swer did not tender the issue of increased value of the stock
after the date of delivery, and no evidence was offered by either
party respecting that particular question, the contention that
plaintiff failed to show that the market price of the stock had
not increased since the date of delivery was without merit.

Appeal from District Court, Third District, Salt Lake
County; *M. L. Ritchie*, Judge.

Action by Murray Rock against the Gustaveson Oil Com-
pany. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

See, also, 59 Utah, 451, 204 Pac. 96.

*Ball, Musser & Robertson*, of Salt Lake City, for appellant.

*Clawson & Elsmore*, of Salt Lake City, for respondent.

GIDEON, J.

In this action damages are sought by reason of the alleged
failure of the defendant company, appellant here, to deliver
certain of its capital stock purchased by plaintiff, respondent
here, at the time stipulated in the contract of purchase. The

case was before this court on a former appeal. *Rock* v. *Gustaveson Oil Co.*, 59 Utah, 451, 204 Pac. 96. That appeal was on the judgment roll. The judgment was reversed, and on retrial the court made the following findings

"That on or about August 4, 1919, the plaintiff purchased from the defendant 50,000 shares of capital stock of the defendant corporation. That the defendant promised to deliver the certificates of stock to said 50,000 shares to plaintiff within a reasonable length of time. That one day was a reasonable length of time, and delivery should have been made on August 5, 1919. The plaintiff demanded said certificates of stock, but the defendant failed and refused to deliver the same until the 21st day of August, 1919. That the market value of the said stock on the 5th day of August, 1919, was 3 cents per share. That the market value of said stock on the 21st day of August, 1919, was 1¼ cents per share. That at the time the stock was purchased the plaintiff informed the defendant that the stock was being purchased for resale."

In the former opinion of this court it is said:

"Again, the defendant having been fully advised by the plaintiff at the time of the purchase of the stock that it was being purchased for resale, it must be held that the parties legally contemplated that upon failure to deliver the stock the measure of plaintiff's damages would be the difference between the market price when plaintiff was entitled to a delivery and the market price when the delivery was actually made."

The findings of the court are challenged, but an examination of the evidence conclusively establishes the fact that there is some substantial proof in the record to support them. This being a law action, those findings become binding upon this court. It is wholly immaterial whether in the judgment of this court the weight of the testimony would support contrary findings.

On the findings made the court entered judgment for the respondent. To reverse that judgment is the object of this appeal. The measure of damages sustained by a failure to deliver corporate stock at the time it should have been delivered, as stated in our former opinion, becomes and is the law of this case. That measure is the difference between the market price at such date and the market price at the date of actual delivery.

It is insisted by counsel for appellant that the respondent

failed to show, by evidence or otherwise, that the market price of the stock had not increased since the date of delivery; hence it is argued that the proof fails to show whether any actual damages have been sustained by the respondent. The appellant by its answer did not tender the issue of increased value of the stock after the date of delivery, and no testimony was offered by either party respecting that particular question. Doubtless if appellant had shown that the market value of the stock had increased after the date of delivery, and that the respondent had knowledge of such increase, and, further, if respondent had not disposed of the stock prior to the filing of the suit, such facts should have been considered by the court in determining whether the respondent had sustained any actual damage. No such showing being made, and there being no finding of fact either for or against such issue, the contention is without merit so far as this case is concerned.

There are other assignments relating to the admissibility of evidence, but whatever error, if any, may have been made in that regard was not prejudicial, and could not result in a reversal of the judgment.

Respondent has filed what is designated "Additions to Abstract of Record." The contents of that document were wholly unnecessary to the presentation of the issues raised by appellant.

Finding no reversible error in the record, the judgment of the district court is affirmed, with costs of this appeal, except the cost of printing the additional abstract.

WEBER, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.

### On Application for Rehearing.

GIDEON, J. In a petition for rehearing appellant insists that we have in effect held that damages may be recovered without proof showing any damages sustained. It seems to be appellant's contention that the court has indulged in a discussion of the measure of damages, and determined this case on that issue without any reference to whether respond-

ent has sustained any actual damages. The proof showed, and the trial court found, that the defendant company failed to comply with the contract, in that it did not deliver the stock at the time specified. The court also found the market value of the stock at the date it should have been delivered and the market value at the date it was actually delivered, and, further, that the appellant was advised by respondent at the date of purchase that the stock was intended for resale.

The legal principles or rules of law stated in the former opinion in this case become the law of the case, and binding upon the trial court and on this court in the further consideration of this action. In the former opinion 59 Utah, 456, (204 Pac. at page 98) the court, in referring to the damages that plaintiff was entitled to recover, and after giving the market value at the time defendant contracted to deliver the stock and the market value at the time it was delivered, and that the difference in the market value on those dates constituted the damage sustained, said:

"We know of no other standard of measurement by which the amount of loss sustained by the plaintiff, under the circumstances, could * * * in justice and fairness be ascertained."

Complaint is also made that the court failed to consider certain other assignments relating to the exclusion of testimoney. These assignments were not overlooked. As stated in the opinion, if any error was committed, it was not prejudicial, and we did not then, nor do we now, consider that these assignments merit further discussion.

Rehearing denied.

WEBER, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.