318 P.2d 351

Spencer VAN NOY, Plaintiff and Respondent,

v.

Richard GIBBS, Defendant and Appellant.

No. 8627.

Supreme Court of Utah.

Nov. 21, 1957.

Taylor, Lund & Griffith, Salt Lake City, for appellant.

Jed W. Shields, Salt Lake City, for respondent.

TUCKETT, District Judge.

The plaintiff and respondent, Spencer Van Noy, commenced this action to recover from the defendant and appellant, Richard Gibbs, the balance due on a written contract for the sale of certain shares of stock in the Valley Amusement Enterprises, Incorporated.

The facts are these: On November 18, 1954, the parties hereto, and others, formed a Utah corporation known as the Valley Amusement Enterprises, Incorporated. Each of the parties hereto subscribed to 1,950 shares of stock in the corporation. A short time after the corporation was formed a dispute arose between Van Noy and Gibbs as to the management of the business of the corporation, and each offered to buy the other's interest. On January 24, 1955, Van Noy assigned and transferred to Gibbs all his right, title and interest to his shares of stock in the corporation for the sum of $2,000. Gibbs paid the sum of $750 down, leaving a balance due of $1,250. Gibbs refused to pay the balance due, and Van Noy filed his action. Gibbs filed a counterclaim seeking to recover back the down payment.

At the time the contract of sale was entered into, both the appellant and the respondent believed that the corporation owned a leasehold in the premises it had occupied and operated as a place of amusement. Subsequently it was discovered that the corporation had no such leasehold. The corporation had other assets as testified to by the appellant and the articles of incorporation set a value of $6,900 on the property taken into the corporation. The value placed on the leasehold was $3,100. No stock certificates were issued by the corporation.

The Trial Court awarded judgment to the respondent for the balance due under the contract of sale, together with interest and costs, and dismissed the counterclaim. The appellant appeals and assigns error.

The appellant claims error on three grounds:

(1) That no stock certificates were delivered or tendered to the defendant as required by Section 16–3–1, U.C.A.1953.

(2) That there was a mutual mistake of fact as to existence of the leasehold interest as an asset of the corporation which resulted in a total failure of consideration for the contract.

(3) That the Court erred in not granting the defendant judgment on his counterclaim.

In respect to the first ground, Section 16–3–1, U.C.A.1953, cited by the appellant reads in part as follows:

"Title to a certificate and to the shares represented thereby can be transferred only:

(1) By delivery of the certificate indorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby; or

"(2) By delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign or transfer the same or the shares represented thereby, * * *. Such assignment or power of attorney may be either in blank or to a specified person."

The appellant cites Makris v. Melis, 50 Utah 544, 167 P. 802; and Rock v. Gustaveson Oil Company, 59 Utah 451, 204 P. 96.

These cases are distinguishable from the instant case. In those cases stock had been issued by the corporations involved therein. It is generally held that stock certificates are evidence or muniments of title. Before stock certificates are issued the subscribers to stock in a corporation own rights in respect thereto which may be sold or transferred. To hold otherwise would prevent a subscriber from dealing with his rights in a corporation prior to the issuance of stock certificates.

As to the appellant's second contention that there was a total failure of con-

sideration for the contract due to the non-existence of the leasehold as a corporate asset, it will be noted that the record indicates that there were other corporate assets. One who buys stock in a corporation of necessity enters into a contract of a speculative nature and he will not ordinarily be permitted to rescind because the value of the stock turns out to be of less value than the buyer and seller supposed it to be worth. The appellant received all of the respondent's interest in the corporation and that is what he bargained for.

Our holding as to the defendant's second contention also disposes of his third contention, wherein he contends that he is entitled to recover the money he paid to the plaintiff as a down payment on the contract of sale.

The judgment of the Trial Court awarded the plaintiff $1,250, together with interest and costs, *upon the plaintiff's delivering to the defendant stock certificate or certificates in the sum of 1,900 shares of stock of the Valley Amusement Enterprises Corporation.* The plaintiff having contracted away to the defendant his right to demand or to receive this stock, he is unable to perform that provision in the judgment. The judgment should be modified so as to delete that portion of the judgment set forth

above, and as modified the judgment is affirmed. Costs to the respondent.

McDONOUGH, C. J., and CROCKETT, WADE and HENRIOD, JJ., concur.

WORTHEN, J., having disqualified himself, does not participate herein.